# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McADAM,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>STATE NATIONAL INSURANCE COMPANY, INC. and ROES 1 through 25, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. 12cv1333 BTM(MDD)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant State National Insurance Company, Inc. ("Defendant") has filed a motion for judgment on the pleadings with respect to Plaintiff's third cause of action under Cal. Bus. & Prof. Code § 17200. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

This action arises out of a "Hull and Machinery/Protection and Indemnity" Policy ("Policy") issued by Defendant to Plaintiff Robert McAdam for the term May 5, 2011 to May 5, 2012.

Plaintiff is the owner of the vessels *Jessica M* and *Shirley B*, both of which are insured under the Policy. In late 2011, Master Marine, Inc. ("MMI"), in Bayou La Batre, Alabama, performed repairs and upgrades on *Jessica M* and *Shirley B* to convert the vessels from shrimp trawlers to deep sea fishing boats. The repairs included work on the vessels' rudder

and shaft assemblies.

On February 24, 2012, *Shirley B*'s rudder snapped off while the vessel was fishing near New Zealand. *Jessica M*, which was 70 miles away, came to provide assistance and towed *Shirley B* to port in Tauranga, New Zealand. Defendant directed the *Shirley B* to a repair yard in Whangarei, New Zealand.

Repairs totaling $162,283.74 were made on the Shirley B. Defendant's surveyor determined that the loss of the rudder was caused by faulty work of MMI. Defendant reimbursed Plaintiff $114,375.07 for the repairs, deducting amounts for repairs that it deemed betterment.

The *Jessica M* also underwent repairs in New Zealand. The Captain of the *Jessica M* noticed "play" in the rudder while towing the *Shirley B*, and according to Plaintiff, subsequent testing and inspection showed that *Jessica M* suffered from the same repair defects as the *Shirley B* – i.e., welds that were not full-penetration and provided no strength or stability to the rudder area.

When Plaintiff tendered a claim for the repair of *Jessica M*, Defendant denied coverage. Defendant took the position that the "play" in the rudder was due to lack of maintenance of the rudder stock and bearings, not faulty welds.

On June 4, 2012, Plaintiff commenced this action. The Complaint asserts the following four causes of action: (1) breach of insurance contract; (2) breach of the implied covenant of good faith and fair dealing; (3) injunctive relief and restitution pursuant to Bus. & Prof. Code § 17200, et seq.; and (4) declaratory relief.

## II. STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc., 896 F.2d 1542, 1550 (9th Cir.

1989). All allegations of fact by the party opposing the motion are accepted as true, and construed in the light most favorable to that party. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

Courts have discretion to grant Rule 12(c) motions with leave to amend. In re Dynamic Random Access Memory Antitrust Litigation, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). Courts also have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim. Id.; see also Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).

### III.  DISCUSSION

Defendant moves for judgment on the pleadings as to Plaintiff's third cause of action under Cal. Bus. & Prof Code § 17200 ("UCL claim"). As discussed below, the Court finds that dismissal of this claim is warranted.

Injunctive relief under Cal. Bus. & Prof. Code § 17200 is not available if the plaintiff has other adequate legal remedies. See Prudential Home Mortg. Co. v. Superior Court, 66 Cal. App. 4th 1236, 1249-50 (1998) (holding that equitable relief under § 17200 was precluded because the plaintiffs had other adequate statutory remedies). Accordingly, courts have dismissed § 17200 claims in insurance coverage cases where the plaintiff's proper remedy is to sue for breach of contract to recover any benefits that are due under the policies. See Stewart v. Life Ins. Co. of North America, 388 F.Supp.2d 1138, 1144 (E.D. Cal. 2005) (explaining that plaintiff sought payment of policy benefits and that breach of contract claim would provide any benefits due to plaintiff); Allstate Ins. Co. v. Barnett, 2011 WL 2415383 (N.D. Cal. June 15, 2011) (dismissing § 17200 claim because plaintiff had an adequate remedy at law - a claim for breach of contract).

In his Complaint, Plaintiff alleges that Defendant engaged in unlawful claims practices and that "the insureds of Defendants have been wrongfully denied coverage and will continue to be wrongfully denied coverage due to the unlawful claims practices of the

Defendants." (Compl. ¶ 103.) In connection with the UCL claim, the Prayer for Relief asks for a permanent injunction enjoining the alleged unlawful practices, policies, usages and customs, and an award of restitution. (Compl. at 27.)

This lawsuit is about the recovery of benefits under the Policy. Plaintiff can obtain this relief through his breach of contract claim. Although the prayer for relief requests restitution, Plaintiff never states that he is seeking the return of premiums paid. In his Opposition, Plaintiff argues that he is in fact seeking injunctive relief. However, it seems that what Plaintiff wishes to enjoin is alleged "unlawful claims practices" resulting in the denial of benefits that Plaintiff seeks to recover in this action. As far as the Court can tell, there are no ongoing practices that Plaintiff seeks to enjoin. The Policy term ended on May 5, 2012, before this suit was filed. See Netscape Commc'n Corp. v. Fed. Ins. Co., 2006 WL 449149 (N.D. Cal. Feb. 22, 2006) (holding that plaintiff had not established the ongoing need for injunctive relief because the policies at issue were no longer in effect).

Because Plaintiff has an adequate legal remedy in the form of his breach of contract claim and does not have a legitimate claim for injunctive relief or restitution, the Court grants Defendant's motion and dismisses Plaintiff's UCL claim with prejudice.[1]

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion for judgment on the pleadings is **GRANTED**. Plaintiff's third cause of action under Cal. Bus. & Prof. Code § 17200 is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: September 24, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[1] The Court need not reach Defendant's argument that Plaintiff's UCL claim is precluded under Moradi-Shalal v. Fireman's Fund Ins. Companies, 46 Cal. 3d 287 (1988) and its progeny.