

FILED
NOV 25 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McADAM,<br><br>　　　　　　Plaintiff,<br>v.<br><br>STATE NATIONAL INSURANCE COMPANY, INC. and ROES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | Case No. 12cv1333 BTM(MDD)<br><br>**ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS AND REVERSING IN PART ORDER ON REMAND** |

Defendant State National Insurance Company, Inc. ("State National") and Third Party Arnold & Arnold, Inc. ("A&A") (collectively "Objectors") have filed objections [Doc. 132] to the Order on Remand re: Plaintiff's Motion to Compel ("Order on Remand") [Doc. 125]. For the reasons set forth herein, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** the objections and **REVERSES IN PART** the Order on Remand.

## I. BACKGROUND

On March 21, 2014, the Court remanded a discovery order with instructions to make findings as to the applicability of the attorney-client privilege to various documents sought by Plaintiff. [Doc. 79.] On July 21, 2014,

1 the Magistrate Judge issued the Order on Remand. Although the Magistrate
2 Judge identified a number of documents that are privileged, he found that the
3 privilege does not extend to any of the other disputed documents. [Doc. 125.]
4 The Magistrate Judge found that documents shared with A&A are not
5 confidential because disclosure was not reasonably necessary to further
6 Defendant's interests in the litigation.

7 Objectors filed timely objections to the Order on Remand. [Doc. 132.]
8 The Court held a hearing on those objections on September 3, 2014.
9 Defendant thereafter supplemented the record as to certain documents
10 disclosed to or held by A&A. [Doc. 166.] At the September 3 hearing, the Court
11 made tentative rulings. The Court has reconsidered all the arguments and
12 issues this Order, which supercedes any tentative rulings made orally on
13 September 3, 2014.

## II. STANDARD OF REVIEW

When considering objections to a magistrate judge's non-dispositive discovery order under Fed. R. Civ. P. 72(a), the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." The "contrary to law" standard applies to a magistrate judge's purely legal determinations. Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "clearly erroneous" standard applies to factual determinations and discretionary decisions. Id. See also Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993) (the review is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'"). The question of whether an attorney-client relationship existed between two persons at a particular time is a question of fact. See Larsen v. Coldwell Banker Real Estate Corp., No. 10-0401, 2012 WL 359466, *5 (C.D. Cal. Feb. 2, 2012).

## III. DISCUSSION

### A. Failure to Apply the Dominant Purpose Test

Objectors object that the Magistrate Judge failed to apply the dominant purpose test, but instead conducted an in camera review of individual documents exchanged between State National Insurance Company ("SNIC") and Gordon & Rees to determine if they "clearly contain attorney-client information."

Technically, Objectors are correct. The proper procedure would have been to first determine the dominant purpose of the relationship between SNIC/Optimum and Gordon & Rees. Costco v. Superior Court, 47 Cal.4th 725, 740 (2009). If it was determined that the communications in question were made during the course of an attorney-client relationship, the communications would be privileged. Id.

Upon review of the evidence in the record, the Court finds that the dominant purpose of the relationship between SNIC/Optimum and Gordon & Rees was legal in nature. Optimum, the claims agent for SNIC, retained Gordon & Rees to provide coverage advice and general legal advice regarding Plaintiff's claims. (Didier Decl. [Doc. 104-1] ¶8.) Both Optimum and SNIC were clients of Gordon & Rees. (Id.) The Court finds it significant that Optimum retained Gordon & Rees shortly after being contacted by Annette Clark, counsel for Plaintiff, regarding the claims. (Id.) As explained by Ms. Didier, former president of Optimum, it was out of the norm for the insured to have retained an attorney so early in the claims process: "[W]e wanted guidance because that was a very unusual step on the part of the insured. So we felt it would be reasonable to have someone that would be speaking the same language as his attorney to ensure that things ran smoothly and were handled properly." (Didier Dep. [Doc. 104-5] 204:3-9.)

1    Accordingly, communications between SNIC and/or Optimum and Gordon
2    & Rees are privileged. However, upon review of the limited number of
3    documents that are still in dispute, there are very few communications that are
4    solely between SNIC and/or Optimum and Gordon & Rees. The bulk of the
5    communications were also shared with A&A, implicating the issue of waiver.
6    Therefore, the Court proceeds to an analysis of whether the privilege was
7    waived as to documents shared with A&A.

## B. Disclosures to Arnold & Arnold

Objectors object to the Magistrate Judge's ruling that documents shared with A&A are not confidential because disclosure to A&A was not "reasonably necessary" to further Defendant's interests in the litigation.

Upon further consideration of the matter, the Court finds that in addition to gathering information and carrying out an investigation to assist in the adjustment of the claims, A&A was in fact acting as an agent for Optimum for purposes of communicating with Plaintiff and conveying SNIC's coverage position. Duties assigned to A&A included surveying the vessels, communicating with Plaintiff and his attorney, interviewing Plaintiff, and preparing correspondence setting out SNIC's coverage position. (Didier Decl. [Doc. 104-1] ¶ 6, Hillger Decl. [Doc. 104-2] ¶ 3.) Although Optimum made the decision whether to accept or deny coverage for the claims, A&A was tasked with the responsibility of drafting correspondence to Plaintiff regarding SNIC's coverage position. (Dider Decl. ¶ 7; Hillger Decl. ¶ 3.)

Under Cal. Evid. Code § 952, "confidential communication between client and lawyer" is defined as:

> [I]nformation transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or *those to whom disclosure is reasonably necessary for the transmission of the information or the*

*accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.*

(Emphasis added.)

Here, considering A&A's duties, it was reasonably necessary for A&A to be privy to communications between Optimum and Gordon & Rees regarding coverage, investigation, claims handling, and communication with the insured. Section 73 of the Restatement Third of Law Governing Lawyers provides that when a client is a corporation or other artificial entity, "the attorney-client privilege extends to a communication that: (1) otherwise qualifies as privileged under §§ 68-72; (2) is between an agent of the organization and a privileged person as defined in § 70; (3) concerns a legal matter of interest to the organization; and (4) *is disclosed only to: (a) privileged persons as defined in § 70; and (b) other agents of the organization who reasonably need to know of the communications in order to act for the organization.* (Emphasis added.) Comment g to § 73 explains:

> The need-to-know limitation of Subsection (4)(b) permits disclosing privileged communications to other agents of the organization who reasonably need to know of the privileged communication in order to act for the organization in the matter. Those agents include persons who are responsible for accepting or rejecting a lawyer's advice on behalf of the organization *or for acting on legal assistance, such as general legal advice, provided by the lawyer.* Access of such persons to privileged communications is not limited to direct exchange with the lawyer.

(Emphasis added.) See also <u>Zurich American Ins. Co. v. Superior Court</u>, 155 Cal. App. 4th 1485, 1499-1500 (2007) (citing to Comment g to section 73).

Even though A&A's contract stated that A&A was "not an employee or agent" of Optimum, in practice, A&A was acting for Optimum in investigating the claim, communicating with the insured, and conveying SNIC's coverage decision. Accordingly, A&A reasonably needed to be a party to privileged communications regarding legal advice or guidance regarding coverage and claims handling. See <u>Residential Constructors, LLC v. Ace Property and Cas.</u>

Ins. Co., 2006 WL 3149362, at *14-15 (D. Nev. Nov. 1, 2006) (holding that independent adjustor handling the investigation of a claim for the insurer was the functional equivalent of a claims employee of the insurer and that confidential communications between defendant's coverage counsel and defendant's independent adjustor for purposes of providing legal advice or to obtain information in order to render legal advice to the defendant, were privileged); see also Markwest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co., 2007 U.S. Dist. Lexis 27243, *11-13 (D. Colo. Apr. 12, 2007) (rejecting plaintiffs' argument that disclosure of a communication to defendants' outside claims adjuster necessarily amounted to a waiver of the attorney-client privilege ).

The Court has reviewed in camera the remaining documents in dispute[1] and finds that most of the documents that were shared with A&A are privileged because they relate to the duties A&A was hired to perform on behalf of Optimum, and the communications were necessary for A&A to follow legal advice or for Gordon & Rees to render the advice. The Court has determined, however, that certain documents fall outside the privilege because they relate only to claims adjustment, reveal no substance of the privileged communication, do not relate to the purpose of Gordon & Rees's retention, and/or other reasons. These documents are listed in Exhibit A to this Order. Objectors shall turn over these documents to Plaintiff within 3 days of the entry of this Order.

The following documents are illegible: ARNL 1114, ARNL 1433, ARNL 1465, ARNL 1127, ARNL 1129, ARNL 1216-1217. If Objectors wish to continue to assert privilege as to these documents, Objectors shall produce legible copies to the Court for in camera review within 3 days of the entry of this Order.

---

[1] These documents have been lodged and will be held by the Court for any subsequent review.

## IV. CONCLUSION

For the reasons discussed above, Objectors' objections are sustained in part and overruled in part, and the Magistrate Judge's Order on Remand is reversed in part and affirmed in part as detailed above. The documents listed in Exhibit A of this Order are not privileged and shall be produced to Plaintiff within 3 days of this order. If Objectors continue to assert the privilege as to illegible documents ARNL 1114, ARNL 1433, ARNL 1465, ARNL 1127, ARNL 1129, and ARNL 1216-1217, Objectors shall produce legible copies to the Court for in camera review within 3 days of the entry of this Order.

**IT IS SO ORDERED.**

Dated: November 25, 2014    *Barry Ted Moskowitz*

**BARRY TED MOSKOWITZ, Chief Judge**
United States District Judge

1

# EXHIBIT A

2  ARNL 957
   ARNL 1033
3  ARNL 1126
   ARNL 1171
4  ARNL 1184    (redact the first sentence of the third paragraph)
   ARNL 1205-1206
5  ARNL 1210
   ARNL 1229
6  ARNL 1232    (redact first email (from Soares), first sentence of fourth email, and second sentence of the last email)
7  ARNL 1234    (redact first email (from Soares), first sentence of fourth email, and second sentence of the last email)
8  ARNL 1235    (redact March 12 email from George Soares (second from bottom))
   ARNL 1236
9  ARNL 1238    (redact first sentence in the full email from Didier and the second sentence of email from Bill Arnold)
10 ARNL 1240    (redact first sentence in email from Didier and the second sentence of email from Bill Arnold)
11 ARNL 1241
   ARNL 1242    (redact first email (from Soares), first sentence of fourth email, and second sentence of the last email)
12 ARNL 1243
13 ARNL 1246    (redact first email (from Soares), first sentence of fourth email, and second sentence of the last email)
14 ARNL 1247
   ARNL 1257
15 ARNL 1271    (redact second sentence of the last email)
   ARNL 1273-74
16 ARNL 1300
   ARNL 1316
17 ARNL 1327-1329
   ARNL 1333
18 ARNL 1349    (redact bottom email)

19 SNIC 968     (redact first paragraph of email from Hillger)
   SNIC 1500
20 SNIC 1812-1824 (redact references to communication with Soares or coverage counsel)
   SNIC 2001-2014
21 SNIC 2016-2019
   SNIC 2034
22 SNIC 2055-2056
   SNIC 2100
23 SNIC 2148    (redact second email)
   SNIC 2367
24
   ARNL 1265-1266
25 ARNL 1286-1287
   ARNL 1324
26 ARNL 1326

27

28