# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McADAM,<br><br>                        Plaintiff,<br>   v.<br><br>STATE NATIONAL INSURANCE COMPANY, INC. and ROES 1 through 25, inclusive,<br><br>                       Defendants. | Case No. 12cv1333 BTM(MDD)<br><br>**ORDER RE: DIVERSITY JURISDICTION** |

      On December 8, 2014, the Court sua sponte raised the issue whether the Court has diversity jurisdiction over Plaintiff's claims to the extent that Plaintiff is suing as an agent for McAdam's Fish LLC. On December 10, 2014, Plaintiff filed briefs responding to the Court's concerns.

      Upon reviewing the briefs and conducting its own research, the Court is satisfied that it has diversity jurisdiction over the claims brought by Mr. McAdam as an agent of McAdam's Fish LLC. Plaintiff admits that one of the members of McAdam's Fish LLC is a citizen of Texas. Defendant State National Insurance Company, Inc. is also a citizen of Texas. However, Plaintiff himself is a citizen of California. Accordingly, whether diversity of citizenship exists depends on whether the Court looks to the citizenship of Mr. McAdam or the limited liability company.

Jurisdiction must rest only upon the citizenship of real and substantial parties to the controversy. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). The citizenship of an agent "who merely sues on behalf of the real parties must be ignored." Associated Ins. Mgmt. Corp. v. Arkansas General Agency, Inc., 149 F.3d 794, 796 (8th Cir. 1998). However, "a crucial distinction must be made between a plaintiff who sues solely in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 194 (2d Cir. 2003).

In Oscar Gruss & Son, the Second Circuit held that Oscar Gruss & Son, Inc. ("OGSI"), which retained an 11.53% interest in the warrants that were the subject of the lawsuit, was not "a mere conduit," but, rather, possessed a valid stake in the litigation sufficient to be considered a "real and substantial" party for purposes of diversity jurisdiction. Id. at 194. Therefore, the Second Circuit found that OGSI's citizenship, not the citizenship of the six OGSI employees to whom 88.47% of the warrants were assigned, determined whether diversity of citizenship existed.

In addition to possessing a stake in the litigation sufficient to be considered a "real and substantial party," a bona fide representative "must have actual powers with regard to the matter in litigation." 13E Charles Alan Wright et al., Federal Practice and Procedure § 3606, at 293 (3d ed. 2009). In Oscar Gruss & Son, 337 F.3d at 195, OGSI and its former employees were parties to an agreement which expressly gave OGSI the power to act on the employees' behalf with regard to their rights in the warrants. The agreement vested in OGSI the authority to commence litigation, engage attorneys, and make decisions regarding how the employees' rights would be enforced and maintained. Therefore, "OGSI was clearly intended to be the 'master of the litigation.'" Id. See also Transcontinental Oil Corp. v. Trenton Prods. Co., 560

F.2d 94, 103 (2d Cir. 1977) (holding that plaintiff, who operated a syndicate investment in stock on behalf of himself and eleven other investors, was master of the litigation because, among other things, he had been the leader of the syndicate since its inception, he was the syndicate member most familiar with the matters in suit, and he negotiated and signed the agreement that gave rise to claims in the suit).

Mr. McAdam has presented evidence that he has a substantial stake in this litigation. Mr. McAdam invested over $1.69 million in McAdam's Fish, LLC, and has an approximately 22% interest in the company. (McAdam Decl. [Doc. 133-2], ¶¶ 15,16.)  In addition, Mr. McAdam's livelihood is derived from his salary operating the company. (Id. at ¶ 16.)  Clearly, Mr. McAdam is more than a mere conduit and has a legitimate stake in this lawsuit.

Furthermore, it appears that Mr. McAdam is the master of this litigation. He is the sole managing member of McAdam's Fish LLC (McAdam Decl. ¶¶ 8, 9, 14), and under the Operating Agreement (Ex. A to Doc. 133), has "full, complete, absolute and exclusive authority, power and discretion to manage and control the business, Property and affairs of the Company, to make all decisions regarding those matters and to perform any and all other acts or activities customary or incident to the management of the Company's business and affairs."  Mr. McAdam obtained the insurance for the vessels (McAdam Decl. ¶ 22) and is the person at McAdam's Fish LLC who is most familiar with the facts underlying this suit.  Mr. McAdam has been involved in the prosecution of this case from the outset.

In sum, based on Mr. McAdam' significant financial interest in this lawsuit and the fact that he is the master of this litigation, the Court concludes that Mr. McAdam is a real and substantial party to the controversy.  Therefore, Mr. McAdam's citizenship, not the citizenship of the members of the limited liability company, governs the determination of whether complete diversity exists.

Because Mr. McAdam is a citizen of California and State National is a citizen of Texas, there is complete diversity. Therefore, to the extent Mr. McAdam is suing as an agent for McAdam's Fish LLC, the Court has diversity jurisdiction over those claims.

**IT IS SO ORDERED.**

DATED: January 22, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court